MONROE, Judge,
dissenting.
I cannot agree that there is no genuine issue of material fact.
In support of its motion for a summary judgment, FMC submitted the affidavit of its safety director, Ronnie Prowell. Prowell stated that, on the day of the fire, he met with a firefighter whom he believed to be the fire chief. He also stated that he informed this person of the type of machinery and chemicals in the building, and that he provided this person with a material safety data sheet on Norpar 15.
In response to FMC’s motion, Thompson and Bentley submitted their affidavits and the affidavits of Louis LeFoy, the fire chief, and Max Cantrell, the assistant fire chief. Both LeFoy and Cantrell state that they do not recall meeting with FMC’s plant safety director on the day of the fire. They also state that they have no knowledge of being provided with a material safety data sheet and no knowledge of a material safety data sheet being provided to any department personnel. Furthermore, they state that if a material safety data sheet was provided, standard operating procedure required that it be included in the fire report. LeFoy states that he has personally reviewed the file, and that he cannot find a material safety data sheet in the report or in the file.
Clearly, this is a disputed material fact. Prowell says he provided the information and LeFoy and Cantrell say that no information was provided. Prowell says he met with a person he believed to be the fire chief, and LeFoy and Cantrell, the fire chief and assistant fire chief, have no recollection of meeting with Prowell. The reference in the main opinion to Ex parte Coleman, 705 So.2d 392 (Ala.1997), is misplaced. In Coleman the Supreme Court held that it was improper to use the landlord’s statement that he could not remember who had installed the air conditioner to infer that a nonelectrician had installed it. In this case, one party says a meeting occurred and that information was provided. The other party says that it has no recollection of any such meeting and has no recollection or evidence of receiving such information. This is a dispute of material fact, on its face.
Although I believe that there is a genuine issue of material fact, I do not necessarily believe that the summary judgment should be reversed. Instead, I believe that the issue before this court, which is raised on this appeal and argued by the parties, is whether Alabama should adopt the firefighter’s rule. Whether this issue should be before this court in the first place is another matter entirely. See § 12-2-7(6)b., Ala.Code 1975.
YATES, J., concurs.